UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,    Case No. 3:19-cr-43

        Plaintiff,

   v.    MEMORANDUM OPINION
        AND ORDER

Richard Andrew Broker,

        Defendant.

### I. INTRODUCTION AND BACKGROUND

On June 20, 2017, Defendant Richard Andrew Broker pled guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876(c). Broker was charged by indictment after he wrote and mailed two letters to Gloria Navarro, the Chief United States District Judge for the District of Nevada, in which he threatened to kill Chief Judge Navarro and described plans to kidnap and torture Barack and Michelle Obama. (*See* Doc. No. 2 at 6). The letters were splattered with Broker's blood which, following examination, tested positive for Hepatitis C and other communicable blood-borne diseases. (*Id.*). At the time Broker sent the letters, he was incarcerated at the Administrative Security Federal Medical Center in Springfield, Missouri, where he was being housed pursuant to a civil commitment after a psychiatric evaluation determined he was incompetent following his arrest on a federal supervised release violation warrant. (*Id.* at 5); *United States v. Broker*, 6:14-cv-3360-MDH (W.D. Mo.).

Broker subsequently was sentenced to five years of probation. (Doc. No. 1-1). Jurisdiction for supervision of his probationary sentence was transferred to this Court in 2019. (Doc. No. 4).

Broker now seeks an order terminating his term of probation prior to the completion of that term. (Doc. No. 5). The U.S. Pretrial Services and Probation Office previously recommended that Broker receive an unconditional release from his civil commitment, (Doc. No. 8-3), but has not weighed in on Broker's request in this case. The government opposes Broker's motion. (Doc. No. 6). Broker has filed several supplemental documents in support of his motion and his reply, (Doc. No. 8), including letters from at least three mental health counselors with the Firelands Counseling and Recovery Services in Norwalk, Ohio, from whom he has received treatment. (*See* Doc. Nos. 5-1, 7, 8-1, and 8-2).

## II. DISCUSSION

Early termination of a term of probation is governed by § 3564:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

While Broker has served over one year of his term of felony probation, *see* § 3564(a), I conclude early termination is not warranted.

The evidence in the record suggests Broker has done well while on probation. For instance, the U.S. Probation Office recommended Broker receive an unconditional release from his federal civil mental health commitment "based on his full[ ]compliance with supervision, medication monitoring, mental health treatment, substance abuse treatment, abstinence from illicit substances, stable residence, reliable income, and support network within the community." (Doc. No. 8-3 at 2).

But the nature of Broker's offense and his prior conduct are equally relevant. Broker was in custody for an alleged violation of the terms of his supervised release at the time he committed the

offense of conviction. He threatened to kill the federal judge presiding over his release violation in a letter splattered with his blood and containing communicable diseases. And he has prior convictions for illegally possessing firearms and explosive devices and for making threats of violence.

While Broker's compliance with the terms of his probation and his efforts to engage in mental health and substance abuse treatment are commendable, I conclude early termination of his probation term would not be consistent with the factors found in § 3553(a), particularly the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, to afford adequate deterrence to future criminal conduct, and to provide needed medical care or other correctional treatment in the most effective manner. *See* 18 U.S.C. 3553(a).

### III.   CONCLUSION

I conclude early termination of Broker's probation is not warranted in the interest of justice. Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 5).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge